DAVID H. MITCHELL v. ALFRED S. PENFIELD, *et al.*

1. MECHANIC'S LIEN; *Date of contract; Error may be corrected.* Where a written statement filed with the clerk of the district court under section 633 of the civil code, in order to preserve a mechanic's lien, contained a statement that the contract was made "on or about the 30th day of June, 1869," such statement, where no one has been misled by it, will not prevent the party claiming the mechanic's lien from showing that the contract was in fact made about the 22d of said June, and prior to the 28th of said month.

2. ——— *Lien attaches at date of contract.* Under section 630 of the civil code (General Statutes, 755,) a mechanic's lien dates from the time of making the contract.

### *Error from Leavenworth District Court.*

PENFIELD was the owner of a certain lot in Leavenworth, on which he erected a warehouse in 1869. He made a contract with *Thomas Cutts* to furnish lumber to be used in said warehouse; and in January, 1870, (and within six months after the lumber was furnished,) *Cutts* made and filed the "statement" required by § 633 of the code, in which he stated that his contract with *Penfield* to furnish lumber "was made on or about the 30th day of June, 1869." On the 28th of June, 1869, *Penfield* executed a mortgage to and in favor of *Mitchell* on said lot, which mortgage was recorded on that day. *Cutts* died; *David J. Brewer* and *George A. Eddy* were his executors. *Mitchell* brought his action against *Penfield* to foreclose said mortgage, and *Brewer* and *Eddy*, as executors of *Cutts*, were joined as defendants. The executors claimed that the lien of their testator for lumber was *prior* to that of *Mitchell* under the mortgage; that the contract between *Cutts* and *Penfield* was in fact made *before* the 28th of June, 1869, and on or about the 22d of said month. The district court found that the claim of *Brewer* and *Eddy*, as executors, etc., amounted to $972.22, and was a *first* lien on the premises; and that the mortgage debt due Mitchell amounted to $1,912.78, and was a *second* lien on said premises. Judgment was given accordingly, and *Mitchell* brings the case here on error.

*J. L. Pendery,* for plaintiff in error:

1. We claim the court erred, First, Because it was not disputed, nor even made a controversy, that the plaintiff had in good faith loaned defendant Penfield the amount he claimed in his note, and that the mortgage was upon record the day of its date. Second, Because it is not and was not a disputed point at the trial below, that Cutts did not deliver and part with the lumber in question until after plaintiff's mortgage was of record.

2. The only question of dispute is, when did Cutts make a contract, (if any was made at all,) or when was the sale made of the lumber by Cutts in his life-time to Penfield?

The affidavit of Cutts offered in evidence and attached to Brewer and Eddy's answer in said cause, (the same made by Cutts in his life-time,) shows that it was on or about the 30th *of June,* 1869. Penfield says it was on or about the 20th of June, 1869.

The mortgagee's lien attached at the time of its becoming of record, and was notice to the world, and thereby became a *prior* lien to that of defendants for the lumber furnished subsequent thereto. 11 Allen, 152; 1 Oregon, 220; 13 Wis., 466; 4 Minn., 20; 1 Ash., 207; 5 Binney, 585; 4 E. D. Smith, 721; 1 McCarter, (N. J.,) 189.

3. The testimony shows that no lumber was delivered by Cutts under his contract until the 30th day of June. Cutts took and can claim only what interest Penfield had in said property at the time said material was delivered. Liens which have attached before materials are delivered have precedence over mechanic's liens founded thereon.

*Hurd & Birnie,* for Brewer and Eddy:

Sec. 630 of the code provides that any person who shall, under contract with the owner of any tract or piece of land, furnish materials or perform labor, etc., on such land, *shall have a lien from the time of making such contract* upon the whole tract or piece of land, etc., for the amount due to him

for such·labor or materials. The evidence offered by the defendants in error, showed the contract was made on the 20th of June, 1869.

The only question in this case is one of fact; and the findings of the court below on this fact were supported by sufficient evidence, and are in conformity to law, and like the verdict of a jury, cannot be reversed in this court, unless clearly against evidence and manifestly without evidence.

The opinion of the court was delivered by

VALENTINE, J.: David H. Mitchell the plaintiff in error and plaintiff below held a promissory note against Alfred S. Penfield secured by a mortgage on a certain warehouse. Thomas Cutts (since deceased,) held a mechanic's lien on the same warehouse, and the only question in the case is, whose is the prior lien? The mortgage was made and recorded June 28th, 1869, and on that day the mortgage lien attached. The court below finds that prior to that time, and about the 22d of June, 1869, the contract upon which the mechanic's lien is founded was made, and that on that day the mechanic's lien attached. Two questions now are presented for our consideration: First, Is the finding of the court below with reference to the dates of said contract, sustained by sufficient evidence? Second, If so, is the conclusion of law that the mechanic's lien attached at the date of the contract correct?

We must answer both of these questions in the affirmative. The testimony of Penfield is positive, that the said contract was made about the 20th of June, 1869; that he told Mitchell *before he gave the mortgage* that he had engaged the lumber of Cutts to complete the warehouse, and that he did afterwards use it in completing the warehouse. The only evidence tending to prove that the contract was made *after* the 28th of June, 1869, is a statement filed by Cutts January 26th, 1870, with the clerk of the district court under section 633 of the civil code, (Gen. Stat., 756,) in order to preserve his mechanic's lien and prevent it from lapsing. Said statement is, "that the contract was made *on or about* the 30th day of June, 1869."

This statement does not pretend to fix absolutely and definitely the time when the contract was made, and it certainly does not prevent the representatives of Cutts from showing the true time when it was made. The statement had not been filed when Mitchell received the mortgage, and therefore he could not have been misled by it. The lumber was furnished under this contract from June 30th, 1869, to July 29th, 1869. Under section 630 of the code a mechanic's lien dates from *the time of making the contract*. The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.